Clover Commercial Corp. v Wilson (2020 NY Slip Op 51608(U))

[*1]

Clover Commercial Corp. v Wilson

2020 NY Slip Op 51608(U) [71 Misc 3d 126(A)]

Decided on November 27, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 27, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-14 Q C

Clover Commercial Corp., Appellant, 
against
Nina Wilson, Respondent. 

Anita Nissan Yehuda, P.C. (Anita Nissan Yehuda of counsel), for appellant.
Nina Wilson, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County
(Laurentina McKetney Butler, J.), entered September 20, 2018. The order granted defendant's
motion to, in effect, stay plaintiff from selling defendant's vehicle and provided that "As Plaintiff
has not established a right to possession of the subject vehicle[, it] shall be returned to the
defendant, forthwith."

ORDERED that the order is modified by striking so much thereof which provided "As
Plaintiff has not established a right to possession of the subject vehicle[, it] shall be returned to
the defendant, forthwith"; as so modified, the order is affirmed, without costs.
In or about October 2017, plaintiff commenced this action for a money judgment, and
alleged in its complaint that defendant had breached an installment contract for the purchase of a
vehicle which plaintiff repossessed in April 2018. Following service of her answer, which did not
contain a counterclaim, defendant, representing herself, moved for an order to "Stay Seizure of
the Automobile," which motion is deemed a motion to stay plaintiff from selling defendant's
vehicle. Plaintiff opposed the motion. Defendant then retained counsel and, in reply, argued that
she also sought injunctive relief, i.e., the return of her vehicle. The Civil Court, by order entered
September 20, 2018, granted defendant's motion, stating as follows:
"On the record before this court, plaintiff has failed to prove that it is the assignee
of the underlying retail installment agreement and therefore has failed to establish that it had the
right to repossess the vehicle.
Accordingly, defendant's motion
is granted. As Plaintiff has not established a right to possession of the subject vehicle[, it] shall
be returned to the defendant, forthwith."
Contrary to plaintiff's argument
that the Civil Court improperly considered the standing argument which was raised by
defendant's attorney for the first time in reply, it is noted that [*2]defendant raised this argument in her moving papers when she
stated that "I do not have a business relationship with [plaintiff]," which statement is
substantially similar to the statement defendant made in her answer, to wit, that "I do not have a
business relationship with Plaintiff. (Plaintiff lacks standing.)." In support of her motion,
defendant stated that she has a good defense because her vehicle "was taken wrongfully &
without judgment," and she has a reasonable excuse because she "ha[s] no contract or/and
business relation with Clover regarding a loan/debt." Plaintiff argued that the vehicle was
collateral and that a party with a security interest has the absolute right to take possession of the
collateral upon the debtor's default without first providing notice to the debtor and without
judicial process (see UCC 9-609; Abele Tractor & Equip. Co., Inc. v
Schaeffer, 167 AD3d 1256 [2018]). Plaintiff's papers do not conclusively establish that it had
a security interest in defendant's vehicle. Plaintiff asserted that defendant had entered into an
installment contract with Queens Auto Mall for the purchase of a vehicle and that it was the
assignee of defendant's loan. However, the installment contract, which plaintiff submitted in
opposition to the motion, states that Queens Auto Mall had assigned its interest in defendant's
loan to Santander Consumer USA, Inc. (Santander). Although plaintiff submitted an undated
assignment by Queens Auto Mall which allegedly assigned its interest in the loan to plaintiff,
there is no explanation as to how Queens Auto Mall could assign an interest which it had already
assigned to Santander.
In view of the foregoing, the papers plaintiff submitted in opposition to defendant's motion
failed to conclusively establish that it had standing to commence this action, notwithstanding that
plaintiff submitted a copy of a notice of recorded lien from the Department of Motor Vehicles
which lists plaintiff as the lienholder of defendant's vehicle. Consequently, the Civil Court
properly granted defendant's motion staying plaintiff from selling defendant's vehicle. However,
in addition to granting a stay, the Civil Court also directed plaintiff to return the vehicle to
defendant. Since no cause of action has been asserted seeking the return of a chattel (see
CCA 202; see also CCA 209), the Civil Court was without jurisdiction to grant the
injunctive relief and order the return of the vehicle.
Accordingly, the order is modified by striking so much thereof which provided "As Plaintiff
has not established a right to possession of the subject vehicle[, it] shall be returned to the
defendant, forthwith."
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 27, 2020